**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                        :
HORIZON NATIONAL SERVICES, LLC,         :  CIVIL ACTION NO. 09-1895 (MLC)
                                        :
     Plaintiff,                         :  MEMORANDUM OPINION
                                        :
     v.                                 :
                                        :
COMMERCE AND INDUSTRY INSURANCE         :
COMPANY,                                :
                                        :
     Defendant.                         :
                                        :
```

**THE PLAINTIFF**, Horizon National Services, LLC ("HLLC"), brought this action on April 17, 2009, for a judgment declaring that it is not liable to the defendant — named as Commerce And Industry Insurance Company — for certain further insurance premium payments, and asserts jurisdiction under 28 U.S.C. § ("Section") 1332. (Dkt. entry no. 1, Compl.) The Court will sua sponte dismiss the Complaint without prejudice. See Fed.R.Civ.P. 12(h)(3) (instructing court to dismiss complaint if jurisdiction is lacking).[1]

**HLLC** alleges that it "is a Delaware corporation with its principal place of business in . . . New Jersey". (Compl. at 3.) That is not correct; HLLC is listed as being a limited liability company with the Delaware Division of Corporations. See

---

[1] HLLC is advised, as to its claims for declaratory relief, that the Declaratory Judgment Act, Section 2201, "does not and cannot serve as an independent basis for federal jurisdiction". TIG Ins. Co. v. Reliable Research Co., 334 F.3d 630, 634 (7th Cir. 2003); see Terra Nova Ins. Co. v. 900 Bar, 887 F.2d 1213, 1218 n.2 (3d Cir. 1989) (same).

https://sos-res.state.de.us/tin/GINameSearch.jsp (enter "Horizon National Services" into field) (last visited Apr. 23, 2009). Limited liability companies are (1) unincorporated associations, and (2) deemed to be citizens of each state in which their members are citizens, not the states in which they were formed or have their principal places of business. Carden v. Arkoma Assocs., 494 U.S. 185, 195-97 (1990); Swiger v. Allegheny Energy, 540 F.3d 179, 182 (3d Cir. 2008). The citizenship of each membership layer must be traced and analyzed to determine a limited liability company's citizenship. Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir. 2003). Thus, HLLC has not properly asserted its own citizenship.

**HLLC** alleges — without more — that the defendant "is a New York corporation". (Compl. at 3.) A corporation is deemed to be a citizen of where it (1) is incorporated, and (2) has its principal place of business. See 28 U.S.C. § 1332(c)(1). HLLC fails to allege where the defendant has its principal place of business, and thus fails to fully plead the defendant's citizenship. See S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 320-21 (3d Cir. 2006); Gargiulo v. Dessauer, No. 04-1206, 2004 WL 966240, at *2 (E.D. Pa. May 5, 2004).[2]

---

[2] The New York Division of Corporations does not acknowledge the existence of a corporation with the name "Commerce And Industry Insurance Company". See http://appsext8.dos.state.ny.us/corp_public/corpsearch.entity_search_entry (last visited Apr. 23, 2009).

**HLLC** has failed to show that it is deemed to be a citizen of a different state in relation to the defendant. See 28 U.S.C. § 1332(a)(1).  Thus, the Court will dismiss the Complaint, but will do so without prejudice to HLLC to either — in thirty days — (1) recommence the action in state court, as the limitations period for the cause of action is tolled by the filing of a federal complaint, see Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007); Galligan v. Westfield Ctr. Serv., 82 N.J. 188, 191-95 (1980), or (2) move in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules to reopen the action in federal court, with documentation properly demonstrating the citizenship of the parties.  If HLLC opts to move to reopen, then it does so at its own peril, as the Court will not further extend the thirty-day period to proceed in state court.[3]

**HLLC** is advised — if it opts to move to reopen — that jurisdiction is measured "against the state of facts that existed at the time of filing". Grupo Dataflux v. Atlas Global Group, 541 U.S. 567, 571 (2004).  Thus, HLLC must properly demonstrate (1) its own citizenship as it existed specifically on April 17, 2009, i.e., list and analyze each member within HLLC, including non-managing and non-individual members, and provide supporting

---

[3] HLLC can bring a protective action in state court, as "[t]here is nothing necessarily inappropriate . . . about filing a protective action". Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 294 n.9 (2005).

3

documentation and affidavits from those with knowledge of HLLC's structure,[4] (2) the defendant's citizenship as it existed specifically on April 17, 2009, with supporting documentation,[5] and (3) that there is jurisdiction under Section 1332.

**HLLC**, if moving to reopen, must not restate the allegations from the Complaint.  Also, a response as to where any member or party resides, is licensed, or has a place of business — as opposed to is a citizen or is domiciled — will not properly invoke the Court's jurisdiction.  See Cruz v. Pennsylvania, 277 Fed.Appx. 160, 162 (3d Cir. 2008); Guerrino v. Ohio Cas. Ins. Co., 423 F.2d 419, 421 (3d Cir. 1970).  A response based upon information and belief or an assertion that is not specific (e.g., citizen of "a state other than New York"), will be unacceptable. See Freedman, 180 Fed.Appx. at 320 (stating citizenship is to be alleged "affirmatively and distinctly"); Vail v. Doe, 39 F.Supp.2d

---

[4] HLLC, if moving to reopen, must refrain from asserting confidentiality for any member.  See Belleville Catering Co. v. Champaign Mkt. Place, 350 F.3d 691, 693 (7th Cir. 2003) (stating "[i]t is not possible to litigate under the diversity jurisdiction with details kept confidential from the judiciary"); Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192, 207 n.22 (3d Cir. 2007) (rejecting, in jurisdictional analysis, partnership's "attempts to keep the identity of its limited partners confidential insofar as possible", as "the district court must know who they are and where they are citizens and its need for that information will trump [that partnership's] policies").

[5] HLLC must ensure that the defendant is a corporation. See 28 U.S.C. § 1332(c)(1).

477, 477 (D.N.J. 1999) (stating citizenship allegation that is based upon information and belief "does not convince the Court that there is diversity among the parties").  As HLLC is represented by counsel, the Court "should not need to underscore the importance of adequately pleading and proving diversity".  CGB Occ. Therapy v. RHA Health Servs., 357 F.3d 375, 382 n.6 (3d Cir. 2004).[6]

**THE COURT** will issue an appropriate order and judgment.

                                            s/ Mary L. Cooper
                                            **MARY L. COOPER**
                                            United States District Judge

Dated:   April 24, 2009

---

[6] See Techstar Inv. P'ship v. Lawson, No. 94-6279, 1995 WL 739701, at *4 (E.D. Pa. Dec. 8, 1995) (stating unsupported Section 1332 jurisdiction allegation may violate Federal Rule of Civil Procedure ("Rule") 11); see also Cohen v. Kurtzman, 45 F.Supp.2d 423, 436-38 (D.N.J. 1999) (granting motion under Rule 11 for unsupported jurisdiction allegation); Hussey Copper v. Oxford Fin. Group, 121 F.R.D. 252, 253-54 (W.D. Pa. 1987) (same).